# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jacques Yves Sebastien Durosau | ) Case No. 4:19-MJ-1150-RN | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 11, 2019__ in the county of __Craven__ in the __Eastern__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 554 and 22 U.S.C. § 2778 | The defendant did knowingly export from the United States, and attempt to export and send from the United States, firearms contrary to law and regulation of the United States, and did in facilitate the transportation of firearms, prior to exportation, knowing the same to be intended for exportation contrary to law and regulation of the United States. |

This criminal complaint is based on these facts:

please see attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Charles J. Kitchen, Special Agent, HSI
*Printed name and title*

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the applicant appeared before me via reliable electronic means and was placed under oath.

Date: 11/27/2019 2:44 pm

_____
*Judge's signature*

City and state: Raleigh, North Carolina

Robert T. Numbers II, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

1. I, Charles J. Kitchen, being duly sworn, depose and state that I am a Special Agent (SA) of the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been so employed for over 9 years. I am assigned to the HSI Wilmington, North Carolina field office (HSI-Wilmington) and my duties include, among other things, investigating violations of Titles 8, 18, 19, 21, and 22 of the United States Code. As part of these duties, I have led or participated in hundreds of investigations involving criminal and/or administrative violations related to money laundering, intellectual property rights, narcotics trafficking, bulk cash smuggling, identity theft, immigration benefit fraud, document fraud, visa fraud, human smuggling, human trafficking, the illegal entry and/or re-entry of aliens, and immigration status violators. Prior to reporting for assignment at HSI-Wilmington, I attended training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, where I received instruction in Federal criminal statutes, search, seizure and arrest authority, use of force, and many other facets of federal and general law enforcement.

2. This affidavit is submitted as evidence of probable cause supporting the arrest warrant for Jacques Yves Sebastien Durosau (hereinafter "DUROSEAU") for smuggling firearms from the United States, in violation of 18 U.S.C. § 554 and 22 U.S.C. § 2778. This affidavit does not set forth all information known to your affiant

1

about this case and is being submitted for the purpose of providing sufficient information to establish probable cause.

## BACKGROUND ON EXPORTATION OF FIREARMS

3. Most firearms and ammunition must be exported from the United States in accordance with the provisions of the Arms Export Control Act of 1976. Regulations implementing this Act generally require a license to be obtained from the U.S. Department of State, Directorate of Defense Trade Controls (DDTC). The Arms Export Control Act requires that all exporters register with the DDTC as described in the International Traffic in Arms Regulations (ITAR) part 122. It is punishable up to 20 years in prison for exporting firearms without having first obtained from the Department of State a license for such export. All the firearms involved in this investigation require a license for exportation.

## PROBABLE CAUSE

4. On November 2, 2019, a known individual (hereinafter "KI") purchased an American Airlines ticket for DUROSEAU, an active duty United States Marine.[1] The ticket scheduled DUROSEAU to depart on November 11, 2019, from the Coastal Carolina Regional Airport in New Bern, North Carolina, to Port Au Prince, Haiti.

5. On November 11, 2019, DUROSEAU and KI appeared at the Coastal Carolina Regional Airport in New Bern, North Carolina. DUROSEAU was wearing plain clothes. However, a review of airport Closed Circuit Television (CCTV) appears

---

[1] The ticket was issued under the last name "DURDSEAU." However, this appears to be a typo.

2

to show KI wearing a Marine Corps Battle Dress Uniform with the rank of Captain. KI is not on active duty. KI is in Inactive Ready Reserve Unit enlisted as a Sergeant with United States Marine Corps. Based on conversations with other law enforcement agents and retired military members, it is reasonable to believe KI wore the uniform to gain a benefit or obtain preferential treatment at the airport on Veterans Day. Additionally, your affiant learned that American Airlines offers complimentary checking of up to three bags for military personnel.

6. On the same date, at the airport, both DUROSEAU and KI checked three suitcases and three plastic boxes containing firearms with American Airlines. While DUROSEAU was checking in the firearm containers, KI was taking notes in a notebook off to the side. The first two plastic boxes contained firearms, the third case contained ammunition. DUROSEAU removed some ammunition and handed it to KI because the ammunition was making the third case too heavy. DUROSEAU filled out a firearm declaration form with American Airlines stating that the firearms were unloaded. DUROSEAU did not have authorization from the Marines to leave the United States and did not have permission to export any firearms.

7. On November 12, 2019, DUROSEAU landed at Toussaint Louverture International Airport, Haiti. DUROSEAU was selected for a secondary inspection of his luggage by General Administration of Customs (AGD). AGD discovered a Beretta model 65490, serial number M9-3724 (hereinafter "Firearm #1"); a Sig Sauer model SP2022, serial number 24B203450 (hereinafter "Firearm #2"); a Sig Sauer model P229, serial number 55B006006 (hereinafter "Firearm #3"); a Sig Sauer model P320,

3

serial number 58A015844 (hereinafter "Firearm #4"); a Spikes Tactical model ST15, serial number SBR-43561 (hereinafter "Firearm #5"); a Spring Field Armory model Saint, serial number ST143091 (hereinafter "Firearm #6"); a Precision Ruger model 300WIN MAG, serial number 1804-07332 (hereinafter "Firearm #7"), and a Armscor Model M1911-A1 CS caliber 45, serial number RIA2051373 (hereinafter "Firearm #8"). Additionally, body armor and United States Marine Lieutenant Colonel uniform was located in DUROSEAU's luggage. The colonel uniform had DUROSEAU's name in the nametag. Haitian authorities took DUROSEAU into custody for local violations.

8. On November 13, 2019, agents with Naval Criminal Investigative Services (NCIS) conducted an electronic trace on the above firearms. The trace revealed that Firearm #7 was purchased by DUROSEAU on October 23, 2019. Additionally, the trace identified DUROSEAU as being the purchaser of Firearm #3, Firearm #4, Firearm #6, and Firearm #8 with a different address.

9. On November 15, 2019, NCIS agents conducted a trash pull at DUROSEAU's residence. In the trash can, which was on the curb, were receipts from a store named "GunShop" located in Jacksonville, North Carolina. DUROSEAU was the customer in the receipts. The receipts were dated July 18, 2018, and were for Firearm #6.

10. On November 20, 2019, your affiant received confirmation from United States Customs and Border Protection indicating that Firearms #1-8 require a license

from the Department of State to export and that DUROSEAU did not have such a license.

11. On November 23, 2019, NCIS agents interviewed DUROSEAU in Haiti. This interview was recorded. DUROSEAU was advised of his rights pursuant to Article 31(b) of the Uniform Code of Military Justice.[2] DUROSEAU waived those rights and stated he traveled to Haiti in order to help the Haitian people, "Wear the uniform of the military that's been established," and to, "Defeat the thugs that have been creating a little bit of part of the instability in Haiti." DUROSEAU advised he brought Firearms #1-8 into Haiti in order to help the Haitian Army. DUROSEAU stated he "picked every gun" to be able to teach marksmanship to the Haitian Army, because, "The Army should have it." DUROSEAU described Firearms #1-8 and related a plan he had for each weapon, specifically stating Firearm #7 would be given to the Haitian Army. DUROSEAU acknowledged, as a military firearms instructor, he knew bringing firearms into Haiti was illegal. DUROSEAU also acknowledged he knew bringing Small Arms Protective Insert (SAPI) plates into a foreign country was illegal. DUROSEAU related he had planned, upon his arrival in Haiti, to be arrested for bringing the weapons and military equipment into Haiti, as being arrested was

---

[2] Article 31(b) essentially encompasses *Miranda* rights and states as follows: "No person subject to this chapter may interrogate, or request any statement from an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by a court-martial." 10 U.S.C. § 831. Art. 31(b).

part of his plan to gain a platform to make a statement. DUROSEAU stated, "I know why I brought them [Firearms #1-8]. It's still a part of the attention I need."

12.     On November 26, 2019, a search warrant was executed at DUROSEAU's residence.[3] The search revealed three empty gun cases with matching serial numbers for Firearm #2, Firearm #3, and Firearm #8. The search also revealed firearm bill of sale for a Sig Sauer model P226 with no serial number listed. The date of purchase was February 2, 2015. Another bill of sale was discovered during the search. It is for a Glock model 19 generation 4 with serial number WVD692. The date of purchase was September 1, 2015 in Stafford Virginia. An empty box for a Sig Sauer rifle scope model SOK16BDX01 with serial number 99B0003432EFF was also found.

13.     On the same date, KI was interviewed by agents in a non-custodial setting. KI stated DUROSEAU was going to be moving to Haiti when he got out of the Marine Corps. KI went on to say that DUROSEAU wanted to help Haiti and wants to become President of Haiti. According to KI, DUROSEAU called American Airlines about bringing the firearms on the plane, but did not contact Haiti or anyone from the United States. KI stated that DUROSEAU brought the firearms to Haiti because he was eventually going to live there and did not need them in the United States. KI continued to say that DUROSEAU was in contact with the U.S. Embassy in Haiti to tell them that he wanted to be President of Haiti.

---

[3] See 7:19-MJ-1219-RJ.

6

Case 4:20-cr-00003-D   Document 1   Filed 11/27/19   Page 7 of 8

## CONCLUSION

Based on the foregoing, I, Charles J. Kitchen, believe that there is ample probable cause to conclude that DUROSEAU is in fact guilty of smuggling firearms from the United States, in violation of 18 U.S.C. § 554 and 22 U.S.C. § 2778, and respectfully ask that the Court issue a warrant ordering his arrest for such crime.

Further your Affiant sayeth not.

*Charles J. Kitchen*
Charles J. Kitchen
Special Agent
Homeland Security Investigations

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this written affidavit.
Dated: November 27, 2019

*Robert T Numbers II*
Robert T. Numbers, II
United States Magistrate Judge